BRIAN J. STRETCH (CABN 163973)
United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

NIKHIL BHAGAT (CABN 279892)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7193
    nikhil.bhagat@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATES OF AMERICA, | ) | Case No.  CR 14 296 JST |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **[PROPOSED] ORDER TO PRODUCE REPRESENTATIVE SAMPLE FOR QUALITATIVE AND QUANTITATIVE RETESTING BY DEFENSE** |
| EDGARDO DUARTE, | ) | |
| Defendant. | ) | |

Before the Court is a stipulation of the parties, filed January 11, 2017, asking this Court to issue an order requiring the Government to produce, for qualitative and qualitative retesting by a defense expert, a representative sample from a controlled substance exhibit currently in the possession of the Drug Enforcement Administration.

For good cause shown, and in the interests of justice, the Court issues the following orders.

IT IS HEREBY ORDERED that the Government shall extract samples from the following exhibit, sufficient in its discretion to perform the qualitative and quantitative analysis:

| Exhibit | Laboratory Number | LIMS Case Number |
|---|---|---|
| 3 | 7180698 | 2013-SFL7-04484 |

1    IT IS FURTHER ORDERED that the Government shall deliver, in a manner it deems consistent
2 with the type and quantity of controlled substance at issue, and considering the expert's proximity to the
3 originating Drug Enforcement Administration (DEA) laboratory, a representative sample of the exhibits
4 identified above to the defense expert, who has been specifically identified as **Jennifer Piper** at the
5 laboratory that has been specifically identified as **Forensic Analytical Sciences, Inc.**, which is
6 physically located at 3777 Depot Road, Suite # 403, Hayward, CA 94545 and with a mailing address of
7 3777 Depot Road, Suite # 403, Hayward, CA 94545.  The expert shall possess and present in advance,
8 as a prerequisite to the delivery of the exhibits, a current and valid DEA registration (number
9 RF1093778) sufficient to perform the qualitative and quantitative analyses of the schedule of controlled
10 substance at issue, in accord and in full compliance with the applicable DEA registration procedures,
11 found at 21 C.F.R. § 1301.11 *et seq*.; and

12    IT IS FURTHER ORDERED that, upon delivery of the exhibits to the defense expert, the expert
13 shall sign and return by Registered Mail, Return Receipt Requested, all accompanying forms (including
14 Form DEA-12, "Receipt For Cash Or Other Items") indicating receipt of the sample. The defense expert
15 shall conduct the identification and quantitative analysis (calculated as the hydrochloride salt form)
16 ordered herein, and shall provide the Government with a Declaration Under Penalty of Perjury pursuant
17 to 28 U.S.C. § 1746.  The Declaration will state the quantity of each exhibit consumed during analysis
18 (if any) as well as the weight of each exhibit both received from and returned to the Government.  The
19 Declaration shall be delivered to the Government immediately upon completion of the analyses ordered
20 herein; and

21    IT IS FURTHER ORDERED that the defendant shall provide the Government with a copy of the
22 results or reports of the analyses under this Order; and

23    IT IS FURTHER ORDERED that:
24    (1) The defense shall coordinate with the Government a convenient date and time for the
25        analyses ordered herein, which date shall be within thirty (30) days of the date of this Order;
26    (2) The defense expert is responsible for safeguarding the exhibit(s)/sample(s), preserving the
27        chain of custody in a manner to faithfully protect its integrity;
28

(3) The defense expert is responsible for repackaging each internal sample/exhibit package into a heat-sealed evidentiary envelope, which heat-sealed container shall be placed into a separate heat-sealed envelope, which shall be secured in such a manner that tampering will be readily observable;

(4) Upon completion of any other reanalysis, the defense expert shall return any residual substance and its original packaging to the law enforcement officer or, where applicable, to the originating DEA laboratory by secure method, not to include regular mail. The method can be secured delivery services (i.e., barcode tracking systems) offered by the United States Postal Service (such as registered mail) or by a commercial carrier;

(5) All reanalysis must be completed within ten (10) calendar days from the date of receipt of the sample(s)/exhibit(s). Return of any residual substance and its original packaging must occur within five (5) calendar days following completion of the reanalysis;

(6) Any failure to follow the aforementioned procedures will render the reanalysis results scientifically unreliable, as those terms are used in the Federal Rules of Evidence or its state equivalent;

(7) Any failure by the defense to maintain the proper chain of custody will not render DEA Laboratory No. 7180698, LIMS Case No. 2013-SFL7-04484, Exhibit Number 3 inadmissible for this reason at either the guilt or sentencing phases of these proceedings.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: January 12, 2017

_____
THE HONORABLE JON S. TIGAR
UNITED STATES DISTRICT JUDGE